AO 91 (Rev 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Kyle Shambarger (1)<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.  3:20-MJ-484-BK |

**FILED**
May 20, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning in or about May 2019 and continuing through May 19, 2020, in the county of ____Dallas____, in the ____Northern____ District of ____Texas____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 846 | Conspiracy to Possess with the Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

See Affidavit of DEA TFO Steven Bracci

☑ Continued on the attached sheet.

*Complainant's signature*

Steven Bracci, DEA TFO
*Printed name and title*

Agent sworn and signature confirmed via reliable electronic means, pursuant to Fed. R. Crim. P. 4.1.

Date: May 20, 2020

*Judge's signature*

City and state: Dallas, Texas

RENÉE HARRIS TOLIVER, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Steven Bracci, a Task Force Officer with Drug Enforcement Administration (DEA), being duly sworn, depose and states:

1. I am a Police Officer with the City of Coppell, Texas, assigned as a Task Force Officer with the Drug Enforcement Administration (DEA). I am currently assigned to the OCEDTF Strike Force in Dallas, Texas. I have had approximately eight years of law enforcement experience. I was a police officer in for seven years with the City of Monrovia in Los Angeles County, California, and have served as a police officer with the City of Coppell, Dallas County, Texas, for approximately one year.  During my career, I worked as a uniformed patrol officer with the Monrovia Police Department Special Enforcement Team, a street level gang and narcotic team. In connection with my duties and responsibilities as a law enforcement officer, I have been involved in numerous investigations of individuals who derive substantial income from the importation, manufacture, distribution and sale of illegal controlled substances. I have experience in the execution of search and arrest warrants, debriefing of defendants, informants, witnesses and other persons who have personal knowledge of the amassing, spending, converting, transporting, distribution, laundering and concealing of proceeds of controlled substances trafficking. I have experience in the use and analysis of data obtained from court orders authorizing the installation and use of pen registers, range to tower per call measurement data, cell site data, and global positioning system (GPS) data. These investigations have resulted in the arrest and conviction of individuals who have used communications facilities to facilitate drug trafficking activity and of individuals

**Affidavit in Support of Criminal Complaint—Page 1**

who laundered proceeds derived from drug trafficking activity. These investigations have also required the examination of telephone records, financial records, drug ledgers and other documents. The source of my information and the grounds for my beliefs are as follows:

2. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, I am an officer of the United States who is authorized by law to conduct investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. Because this affidavit is offered for the limited purposes of supporting a criminal complaint charging **Kyle SHAMBARGER** with a violation of 21 U.S.C. § 846, that is, conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Heroin, a Schedule I controlled substance, beginning in or about May 2019, and continuing through May 19, 2020. This affidavit does not include all facts known to me regarding this investigation.

4. The information set forth below is based on my personal participation in this investigation, through interviews with and analysis of reports submitted by other special agents and/or other state/local law enforcement personnel. Except where otherwise noted, DEA Special Agents or other law enforcement officers have provided the information set forth in this Complaint to me directly or indirectly. Unless otherwise noted, wherever in this Complaint your Complainant asserts that a statement was made, the information was provided by another law enforcement officer who may have either direct or hearsay knowledge of the statement of which your Complainant has spoken or whose report your

**Affidavit in Support of Criminal Complaint—Page 2**

Complainant has read and reviewed, or from confidential sources (CS) and cooperating defendants (CD). Such statements are among many statements made by others and are stated in substance, unless otherwise indicated. Similarly, information resulting from surveillance, except where indicated, does not set forth my personal observations but rather information that has been provided directly or indirectly by other law enforcement officers who conducted such surveillance. I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish that the defendant did knowingly and intentionally violate the above-noted federal crimes.

## PROBABLE CAUSE

5. On April 21, 2020, at approximately 8:27 p.m., Coppell (Texas) Police Department (CPD) Officers and Coppell Fire Department (CFD) personnel responded to an emergency call for service regarding the welfare of an individual at 190 N. Moore Road, Apt. 5108, Coppell, Dallas County, Texas.

6. Upon entry into the apartment, officers and CFD found the victim laying on the floor of the apartment unresponsive. The victim was transported to a local hospital for medical assistance, but was ultimately pronounced deceased.

7. While inside the apartment, officers observed a used, uncapped syringe next to a spoon with dried brown residue, and a tin metal container. Inside the container was a bag with used syringes and a small orange baggie containing a brown sticky substance that appeared to be Heroin. All the items were located on a table in the kitchen area where the victim was found unresponsive. It was later determined and reported by

Affidavit in Support of Criminal Complaint—Page 3

medical personnel that the victim died of Heroin poisoning.

8. During the course of their investigation, CPD took possession of the victim's cellular telephone and other evidence. A search of the victim's phone revealed text messages between the victim and a subject saved in his phone as "Kyle" (utilizing telephone number 214-760-0068). Officers were later able to identify "Kyle" as **Kyle SHAMBARGER**. The text messages between **SHAMBARGER** and the victim showed negotiations for the sale and purchase of Heroin on April 15, 2020. The text messages with **SHAMBARGER** were the only drug-related messages on the victim's telephone, with no evidence present that the victim was supplied Heroin by another source.

9. Investigators thereafter learned that **SHAMBARGER** was staying in room #4064 at the Crowne Plaza Hotel, 14315 Midway Road, Addison, Texas. Investigators obtained a State of Texas search warrant for the above-mentioned hotel room related to the victim's overdose death. On the morning of May 19, 2020, investigators detained **SHAMBARGER** and his girlfriend, Cassandra SELKIN, as they were leaving the hotel. The search warrant for **SHAMBARGER** and SELKIN's hotel room #4046 was executed and found inside the hotel room was United States currency, a cell phone, two small plastic baggies containing Heroin, and syringes.

10. During a post arrest interview, **SHAMBARGER** told investigators he has been distributing Heroin for the last year and over that time, he has distributed approximately 25 to 50 ounces of Heroin (500 grams to 1250 grams) to others.

**Affidavit in Support of Criminal Complaint—Page 4**

**SHAMBARGER** admitted that he sold the aforementioned victim the Heroin that he overdosed on and acknowledged that he was aware of the victim's death.

11. Law enforcement field-tested the substance seized from the hotel room and it preliminarily tested positive for Heroin, with a total gross weight of approximately 44 grams.

## CONCLUSION

12. Based on the foregoing facts, probable cause exists to believe that beginning in or about May 2019, and continuing through May 19, 2020, **Kyle SHAMBARGER** did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together with persons both known and unknown to commit the following offense against the United States: to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of Heroin, a Schedule I controlled substance, in violation of 21 U.S.C § 846.

_____
STEVEN BRACCI
TASK FORCE OFFICER
DRUG ENFORCEMENT AGENCY

Agent sworn and signature confirmed via reliable electronic means on May __20__, 2020, pursuant to Fed. R. Crim. P. Rule 4.1.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

Affidavit in Support of Criminal Complaint—Page 5